IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tony Henderson, | Civil Action No. 3:14-4859-CMC-SVH |
| v. | **OPINION and ORDER** |
| Thomas J. Holbrook, Jr., and Brett C. Gunter, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint asserting claims for fraudulent and intentional misrepresentations, and medical malpractice.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 31, 2014, the Magistrate Judge issued a Report recommending that this case be dismissed without prejudice and without issuance and service of process.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. No objections have been filed and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.[1]

This action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 22, 2015

---

[1] Even if there were jurisdiction here, the case would be subject to dismissal for Plaintiff's failure to comply with the requirements of S.C. Code §§ 15-36-100 and -125. Section 15-36-100 applies to a broad range of professional malpractice actions and requires, *inter alia*, that "the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code § 15-36-100 (B). Section 15-79-125 applies specifically to medical malpractice claims and requires Plaintiff to file and serve a "Notice of Intent to Sue" and engage in pre-suit discovery and mediation prior to proceeding with litigation. S.C. Code § 15-79-125. The requirements of Section 15-36-100 are incorporated into the pre-suit requirements of Section 15-79-125. *Ranucci v. Crain*, 409 S.E.2d. 493, 502-04 (S.C. 2014) (reasoning that, "although sections 15-79-125 and 15-36-100 are distinct in their operational procedures, it is evident the General Assembly promulgated the statutes to work in concert for the common purpose of tort reform involving all professional negligence claims." ). There is no evidence Plaintiff has complied with this statutory requirement.